**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50430 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00226-BTM |
| v. | |
| FERNANDO MORALES-AGUILAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Fernando Morales-Aguilar appeals from the 57-month sentence and 36-month term of supervised release imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morales-Aguilar contends that the district court erred by relying on improper sentencing factors, failing adequately to explain the sentence, and basing its sentencing decision on impermissible speculation. The district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Morales-Aguilar also contends that his sentence is substantively unreasonable in light of his mental health issues and because it overemphasizes the need for deterrence and the need to protect the public. Both the 57-month sentence and the 36-month term of supervised release are substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**